IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.   No. CR 08-0837 JB

BYRON ANTHONY ESQUIBEL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Opposed Motion for a Ten Hour Furlough to Attend San Felipe Feast Day, filed April 23, 2010 (Doc. 80). The Court held a hearing on April 30, 2010. The primary issue is whether the Court should grant Defendant Byron Anthony Esquibel permission to accompany his sister to San Felipe Pueblo for the Feast Day of May 1, 2010. Because the Court does not believe that it can fashion a condition or a combination of conditions that ensures the safety of the community, the Court will deny the motion.

## PROCEDURAL BACKGROUND

On April 9, 2008, Special Agent David Garrison filed a criminal complaint against B. Esquibel which alleged that B. Esquibel had sexually molested two girls under the age of 12 while on Indian land, in violation of 18 U.S.C. §§ 1153, 2241(c) and 2246(3). See Criminal Complaint at 1, filed April 9, 2008 (Doc. 1); Affidavit of David Garrison ¶¶ 6-17, at 3-6, filed April 9, 2008 (Doc. 1)("Garrison Aff."). A Grand Jury indicted B. Esquibel on nearly identical counts on April 22, 2008. See Indictment at 1-2, filed April 22, 2008 (Doc. 11)(charging violation of §§ 1153, 2241(c), and 2246(2)(C) in Count 1 and §§ 1153, 2244(a)(5), and 2246(3) in Count 2). A Superceding Indictment added a third count. See Superceding Indictment at 2, filed May 13, 2008

(Doc. 17)(charging a second violation of §§ 1153, 2244(a)(5), and 2246(3)).  On February 3, 2010, the Court issued an order releasing B. Esquibel, upon certain conditions, to the third-party custody of La Pasada Halfway House pending his trial.  See Order Setting Conditions of Release, filed February 3, 2010 (Doc. 70).  He is subject to monitoring as a condition of release.  See id.

On Saturday, May 1, 2010, San Felipe Pueblo will have its Feast Day.  B. Esquibel, a member of the San Felipe Pueblo, has filed a motion asking the Court to permit him to take a ten-hour furlough to attend the Feast Day celebration.  B. Esquibel asserts that his sister, Pauline J. Esquibel, would like to pick him up at the halfway house at 8:00 a.m. on May 1 and return him to the halfway house by 6:00 p.m. on the same day.  See Motion ¶ 2, at 1.  In his motion, B. Esquibel represents that P. Esquibel has promised to keep B. Esquibel with her during the Feast Day celebration, and prevent any contact between B. Esquibel and the alleged victims.  See Motion ¶ 2, at 1-2.  The United States did not respond to the motion before the Friday, April 30, 2010 hearing, but Assistant United States Attorney Charlyn Rees argued at the hearing that the United States opposes the motion because the victims will likely be present at the celebration, and the United States does not believe the Court can fashion reasonable conditions of release to ensure their safety. See Transcript of Hearing at 4:5-5:3 (taken April 30, 2010)("Tr.")(Rees).[1]  P. Esquibel, a school employee, was not present at the hearing, and the United States Probation Office did not interview P. Esquibel before the hearing.

## ANALYSIS

The Court has had numerous issues in this case come before it, although it did not rule on the initial detention issue.  The Court is, however, relatively comfortable with the decision to leave

---

[1] The Court's citations to transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

B. Esquibel in La Pasada's custody because of his performance under the conditions the Court had set. B. Esquibel has been performing well at La Pasada and has a record of doing so. The Court is thus reasonably comfortable keeping him in that situation pending trial.

On the Friday afternoon before a requested Saturday furlough, however, the Court does not believe it can fashion any conditions that would allow B. Esquibel to attend a public gathering, yet ensure the safety of the community and the alleged victims in this case. The Court will therefore deny the motion. The Court does not minimize the importance of the Feast Day to the people of the San Felipe Pueblo, but nevertheless believes that, in this situation, it must make sure that B. Esquibel does not violate any of his conditions of release. The Court is concerned about sending him back out to the pueblo for a day under the supervision of a family member about which the Court has no information, especially when the alleged victims may be present. So far as the Court is aware, neither the Court nor the United States Probation Office has spoken with P. Esquibel. The Court thus has no reasonable basis to trust in the supervisory capabilities of P. Esquibel, nor any reason to believe that her supervision can adequately ensure the safety of the community or that of the alleged victims. The Court will thus deny B. Esquibel's motion.

**IT IS ORDERED** that the Defendant's Opposed Motion for a Ten Hour Furlough to Attend San Felipe Feast Day is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Charlyn E. Rees
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*


Susan B. Dunleavy
Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*